ANSTEAD, Judge,
dissenting.
The United States Supreme Court held in Pennsylvania v. Muniz, 496 U.S. 582, 110 S.Ct. 2638, 110 L.Ed.2d 528 (1990), that questioning a detainee in a DUI case as to the date of his sixth birthday was sufficiently “testimonial” in nature to require a Miranda warning. The gist of the reasoning was that “the incriminating inference of impaired mental faculties stemmed, not just from the fact that Muniz slurred his response, but also from a testimonial aspect of that response.” 110 S.Ct. at 2649 (footnote omitted). Of course, the testimonial aspect referred to was Muniz’ inability to correctly state the date of his sixth birthday. Since everyone is presumed to know her birth date, the reasoning is that the inability to correctly respond must be attributed to alcohol-impaired mental faculties.
The Muniz analysis must also be applied to a request to recite the alphabet. Here, as in the Muniz birth date question, there was an additional twist, in that the detainee was asked not just to recite the alphabet from “A” to “Z”,. but rather from “C” to “W”.[1] This is similar to the twist on the birthday question asking for the date of a detainee’s sixth birthday rather than his date of birth. The twist on these questions presents a slightly more difficult test for a detainee. In both cases, however, it is the ability to respond with a correct answer that is used to gauge the condition of the detainee’s mental faculties. Just as everyone is presumed to know his birth date, everyone is presumed to know the English alphabet.[2] Here, the state seeks to have a jury draw an inference that the detainee was impaired because he recited the alphabet from “C” to “Z” instead of from “C” to “W” as requested.[3] This is the same “testimonial aspect” of the response that the United States Supreme Court held was implicated in Muniz. In other words, it is the incorrect testimonial response that is sought to be used against the detainee. There is no doubt, as was the case in Mun-iz, that it is the content of the response that is crucial, and not just the manner in which the response is delivered.
We are, of course, bound by majority rulings of the United States Supreme Court. Accordingly, following the reasoning of the majority in Muniz, I believe the county court and the circuit court acted correctly. I would approve the well reasoned opinion of Judge Blanc which was also approved by the circuit court appellate panel:
* * * # * *
A review of relevant case law indicates that a distinction has been drawn between statements involving recitation of the alphabet and statements obviously more testimonial in nature. The distinction has been made as follows: Recitation of the alphabet is more an attempt to perform as opposed to an attempt to convey knowledge. It is inferred from this argument that the incrimination arises not from the knowledge conveyed by the attempted recitation of the alphabet, but more from the Defendant’s ability or inability to recite. According to this theory a request to recite the alphabet tests the Defendant’s thought processes much like a request to perform physically tests the Defendant’s physical processes. Like the theory of slurred speech, this Court feels a distinction must be made for those tests which require the Defendant to convey ability or inability by what is said.
The most recent authority in this area is Pennsylvania v. Muniz, 58 USLW 4817 [496 U.S. 582, 110 S.Ct. 2638, 110 L.Ed.2d 528] (US June 19, 1990). In Muniz, the United States Supreme Court found that a Defendant’s response to an inquiry regarding the date of his sixth *1325 birthday was testimonial in nature where the Defendant stated he could not remember the date. The Court stated, “Hence the incriminating inference of impaired mental faculties stemmed, not just from the fact that Muniz slurred his response, but also from a testimonial aspect”. Id. at 4822 [496 U.S. at 599, 110 S.Ct. at 2649]. In a footnote, the Court declined to rule on whether or not the Defendant’s recitation of the alphabet may have been testimonial in nature. Since the Defendant recited the alphabet correctly, the Court felt it did not have to reach that issue.
Most recently in Florida, the Circuit Court in Brevard County found that the attempted recitation of the alphabet as well as an attempt at counting were testimonial in nature. State v. Jackie Wright, 15 FLW C37 (September 14, 1990).
For further guidance this Court has looked to earlier United States Supreme Court decisions. Rhode Island v. Innis, 446 US 291, 64 L.Ed.2d 297, 100 S.Ct. 1682 (1980), stands for the proposition that the privilege against self-incrimination protects an individual from being compelled to incriminate himself in any manner. Further, Estelle v. Smith, 451 US 454, 68 L.Ed.2d 359, 101 S.Ct. 1866 (1981) emphasizes the belief that the Fifth Amendment privilege against compelled self-incrimination requires that the State which proposes to convict and punish an individual produce the evidence against him by the independent labor of its officers, not by the simple expedient of forcing it from his own lips. Further, Smith also affirms the fact that the Fifth Amendment privilege against compelled self-incrimination is as broad as the mischief against which it seeks to guard, and the privilege is fulfilled only when a criminal defendant is guaranteed the right to remain silent unless he chooses to speak in the unfettered exercise of his own will and to suffer no penalty for such silence.
Additional guidance can be found in the reasoning of the landmark case of Miranda v. Arizona, 384 US 436, 16 L.Ed.2d 694, 86 S.Ct. 1602 (1966). Miranda clearly stands for the proposition that the privilege against self-incrimination is accorded a liberal construction. Additionally, Miranda stands for the proposition that in determining admissibility of statements, no distinction can be drawn between statements which are direct confessions and statements inculpa-tory [sic] statements and statements alleged to be merely exculpatory.
It is the determination of this Court that the authorities cited herein dictate that a distinction be made between sobriety testing that indicates impairment purely as the result of physical performance and testing that may reveal impairment by testing thought processes through the spoken word. When a suspect incorrectly recites the alphabet or counts numbers it is no longer simply how he speaks, but what he speaks that may indicate impairment. Further, although the Defendant’s incorrect recitation of the alphabet may not be the same as an admission to another element of the offense of DUI (e.g. a Defendant’s statement that he was the driver) it can clearly be an admission of the existence of the element of impairment.
ORDER DENYING REHEARING AND GRANTING MOTION TO CERTIFY QUESTION
ORDERED that Respondent’s Motion for Rehearing filed July 22, 1992, is hereby denied; further,
ORDERED that Respondent’s Motion to Certify Question of Great Public Importance and stay the issuance of the mandate pending a decision by the Florida Supreme Court filed July 22, 1992, is hereby granted. The question to be certified to the Florida Supreme Court is:
IS A POLICE OFFICER’S REQUEST OF AN INDIVIDUAL ARRESTED FOR DRIVING UNDER THE INFLUENCE TO RECITE THE ALPHABET FROM “C TO W” A TESTIMONIAL RESPONSE WITHIN THE PRIVILEGE *1326 AND PROTECTIONS OF THE FIFTH AMENDMENT?

.The trial court made the following findings of fact: (9) During the videotaped portion of the tests the Defendant was instructed to recite the alphabet from "C” to "W". (10) Instead, the Defendant recited the alphabet from "C” to "Z”.

.We can only speculate as to the responses to such questions that may be given by those who have immigrated to this country or otherwise lack the same predicate cultural background upon which the questions are based.

.See n. 1.